UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONICA BROOKS, | ) |
|        Petitioner, | ) |
| v. | )   Case No. CIV-25-1050-J |
| CARRIE HIXON, et al., | ) |
|        Defendants. | ) |

**ORDER**

Petitioner Monica Brooks, a state prisoner awaiting trial in Oklahoma state court, filed this Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Pet.) [Doc. No. 1]. The Court referred the matter to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B)-(C). [Doc. No. 3]. After screening[2] her Petition, Judge Maxfield issued a Report and Recommendation recommending that the action be dismissed without prejudice, to which Petitioner timely objected. *See* [Doc. No. 6]; (Obj.) [Doc. No. 7]. Because Petitioner objected, the Court applies de novo review. *See Gauthier v. Hunt*, No. 5:20-CV-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

**I.**    **Background**[3]

In February 2025, the Stephens County District Attorney's Office charged Petitioner with three counts of falsely reporting a crime. On April 11, 2025, Petitioner filed a motion to dismiss,

---

[1] All page citations refer to the Court's CM/ECF pagination.
[2] Rule 4 of the Rules Governing § 2254 Cases requires courts to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears. . . that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *id.*, Rule 1(b) (holding § 2254 rules apply to § 2241 habeas petitions).
[3] The factual background is taken from the Petition. Pet. at 1-11.

arguing that under *McGirt v. Oklahoma*, 591 U.S. 894 (2020), Oklahoma lacked jurisdiction to charge her as she belongs to the Choctaw Nation and the conduct occurred on the Chickasaw Nation reservation. The Stephens County District Court denied her motion, citing a recent Oklahoma Court of Criminal Appeals decision that held Oklahoma retains jurisdiction "over non-member natives who are alleged to have committed crimes within the confines of another tribe's territory." Pet. at 9 (citing *O'Brien v. City of Tulsa*, No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024)). Petitioner then filed the instant action, seeking a writ of habeas corpus ordering her immediate release from state custody for lack of jurisdiction.

## II.     Report and Recommendation and Objections

Upon review, Judge Maxfield noted that, absent "special circumstances," federal courts must abstain from intervening in ongoing state criminal proceedings. *Ex parte Royall*, 117 U.S. 241, 253 (1886). Judge Maxfield then found that Petitioner's jurisdictional claim did not satisfy one of *Ex parte Royall*'s recognized "special circumstance" exceptions and, therefore, recommended dismissing the Petition.

Petitioner objects, arguing that: (1) her case qualifies as a "special circumstance"; (2) exhaustion of her state remedies would be futile; and (3) she qualifies for the foreign national *Ex parte Royall* exception. Obj. at 3-7.

## III.     Discussion

Petitioner first claims that the state court's alleged lack of jurisdiction qualifies as a "special circumstance," warranting federal interference. Obj. at 3, 6-7. But the Tenth Circuit has routinely rejected the position that jurisdictional challenges qualify as special circumstances under *Ex parte Royall*. *See Smith v. Crow,* No. 22-7007, 2022 WL 12165390, at *2 (10th Cir. Oct. 21, 2022) (holding a state court's alleged lack of jurisdiction over a Native American did not constitute a

special circumstance under *Ex parte Royall*'s abstention doctrine); *Kirk v. Oklahoma*, No. 21-6050, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (same).

Nevertheless, Petitioner insists that her case qualifies as a "special circumstance" because her jurisdictional claim possesses merit unlike either of the petitioners' claims in *Kirk* and *Smtih*. Obj. at 5. But *Ex parte Royall* abstention is a procedural doctrine not contingent on the relative merits of a claim. *See Smith*, 2022 WL 12165390, at *2 (finding the merits of petitioner's jurisdictional argument inapposite to the *Ex parte Royall* analysis). Accordingly, the Court denies Petitioner's first objection.

Regarding her second objection, Petitioner confuses § 2241's exhaustion requirement with the *Ex parte Royall* abstention doctrine. Specifically, Petitioner suggests that exhausting her jurisdictional claim in state court would be futile and, therefore, *Ex parte Royall* abstention is unnecessary. Obj. at 3. However, § 2241's exhaustion requirement is not "interchangeable with the abstention doctrine set out in *Ex parte Royall*." *Taneem v. Easter*, No. 5:25-CV-3128-JWL, 2025 WL 1927715, at *2 (D. Kan. July 14, 2025) (cleaned up). Rather, exhaustion and *Ex parte Royall* abstention remain distinct concepts, *id.*, and the alleged futility of exhaustion does not affect the Court's *Ex parte Royall*'s analysis. Accordingly, the Court denies Petitioner's second objection.

Finally, Petitioner notes that *Ex parte Royall* allows federal interference in state proceedings where the petitioner is "a citizen of a foreign state." Obj. at 6. But as Petitioner concedes, Native American tribes are not foreign states, *see Cherokee Nation v. Georgia*, 30 U.S. 1 (1831), and therefore the Court denies her third objection.

## IV.     Conclusion

Having reviewed Petitioner's objections de novo, the Court agrees with Judge Maxfield's analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 6] and DISMISSES Petitioner's habeas petition without prejudice. A certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A separate judgment will enter.

IT IS SO ORDERED this 28th day of October, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE